IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS LEE COSTELLO,
aka Michael Anthony Brockman,

      **Plaintiff,**

      v.                                      CASE NO. 25-3067-JWL

**KANSAS HIGHWAY PATROL,**
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Francis Lee Costello is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On May 19, 2025, this matter was dismissed for failure to timely pay the initial partial filing fee. (Doc. 8.) The fee was subsequently received, and on June 10, 2025, the Court granted Plaintiff's motion to reopen, set aside the dismissal, and reopened this case. (Doc. 11.) This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 12).

Plaintiff alleges that on October 9, 2024, Trooper Andrew B. Voss pulled Plaintiff over for "lingering in the left lane." (Doc. 12, at 2.) Plaintiff alleges that after running Plaintiff's ID, Trooper Voss "became emotionally aggressive and biased toward Plaintiff and used the pretext

1

of an empty can on the floor board to search the vehicle." *Id*. Plaintiff alleges that "in the process [of] overstepping the scope of the search, searching [sic] the trunk of the vehicle." *Id*.

As Count I, Plaintiff alleges a violation of his Fourth Amendment right to be free from unreasonable searches. *Id*. at 3. Plaintiff alleges that Trooper Voss stated that he had probable cause to search based on the open container, "although the can was crushed and empty." *Id*. As Count II, Plaintiff alleges a Fourth Amendment violation based on the search of the trunk. *Id*. As Count III, Plaintiff alleges a violation of K.S.A. § 22-4609. *Id*. at 4.

Plaintiff names as defendants the Kansas Highway Patrol and State Trooper Andrew B. Voss. Plaintiff seeks $10,000 for the cost of impoundment of his vehicle, and $100,000 for lost wages. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

3

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Younger Abstention

To the extent Plaintiff's claims relate to his state criminal proceedings in Saline County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. *See State v.*

*Brockman*,[1] Case No. SA-2024-CR-000668 (District Court of Saline County, Kansas). The Amended Complaint/Information filed on March 20, 2025, charges Plaintiff with nine counts: Unlawful Distribution of Methamphetamine; Possession of Cocaine; No Kansas Drug Tax Stamp; Possession of Drug Paraphernalia; Transportation of Liquor in an Open Container; No Proof of Motor Vehicle Liability Insurance Coverage; Speeding; Improper Driving on Laned Roadway; and No Driver's License on Person. *Id*. The docket reflects that the case is currently "pending," with a preliminary hearing scheduled for June 24, 2025. *Id*. The docket also shows pending motions to suppress. Plaintiff filed a motion to suppress on January 15, 2025, based on the same underlying facts and claims alleged in his Amended Complaint. *Id*. Plaintiff filed another motion to suppress on January 30, 2025, again based on the same underlying facts and claims asserted in this civil rights case. *Id*. Plaintiff filed a third motion to suppress on January 31, 2025, again based on the same facts/claims. *Id*. The docket does not reflect that the state court has ruled on any of the motions to suppress.

Plaintiff's state court criminal proceedings are pending and therefore the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and

---

[1] Plaintiff filed an action in state court to change his name from Michael Anthony Brockman to Francis Lee Costello. *See In the Matter of the Name Change of Francis Lee Costello*, Case No. SA-2025-CV-000011 (District Court of Saline County, Kansas) (filed February 28, 2025). Plaintiff also has a pending state court case seeking to change his name again from Francis Lee Costello to Francesco Crosstihletto. *See In the Matter of the Name Change of Francis Lee Costello*, Case No. SA-2025-CV-000127 (District Court of Saline County, Kansas) (filed May 2, 2025). The latter case is set for hearing on August 13, 2025. *Id*.

5

direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Plaintiff's unlawful search and seizure claim may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages). Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Saline County, Kansas. Plaintiff should indicate whether or not he seeks to say this case pending resolution of his state court criminal proceedings.

If Plaintiff is ultimately convicted and a judgment on the Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

### 2. Kansas Highway Patrol

Plaintiff has named the Kansas Highway Patrol "KHP" as a defendant and only seeks monetary damages.  "The KHP is a state agency that is not capable of suing or being sued." *Thomas v. Kansas Highway Patrol*, 2006 WL 8431148, at *1 (D. Kan. 2006) (citing K.S.A. 74-2113; *Hopkins v. State*, 237 Kan. 601, 607, 702 P.2d 311, 316 (1985)).  "As an arm of the state, the KHP is not a person subject to suit under 42 U.S.C. § 1983."  *Id*.

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment.  The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

"The Kansas Highway Patrol . . . [has] immunity from suit under the Eleventh

Amendment." *Miles v. Kansas*, 2012 WL 3442413, at *2 (D. Kan. 2012). The KHP "was created through legislative action and is funded by the state treasury." *Id*. (citing K.S.A. §§ 74-2105 et seq.). Therefore, Plaintiff's claims against the KHP are barred by Eleventh Amendment immunity.

For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state officer sued in his or her official capacity also enjoys this protection. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted). Therefore, Plaintiff is also barred from seeking money damages from Defendant Voss in his official capacity.

### 3. K.S.A. § 22-4609

Plaintiff alleges a violation of K.S.A. § 22-4609. The statute prohibits racial or other biased-based policing. *See* K.S.A. § 22-4609. K.S.A. § 22-4611 provides:

> (a) Any person who believes such person has been subjected to racial or other biased-based policing by a law enforcement officer or agency may file a complaint with the law enforcement agency. The complainant may also file a complaint with the office of the attorney general. The office of the attorney general shall review and, if necessary, investigate the complaint and may find there is insufficient evidence of racial or other biased-based policing or may forward the complaint for further review and possible action to the Kansas commission on peace officers' standards and training. The commission shall review and, if necessary, further investigate the complaint. The commission may take action on the officer's certification or other corrective action as allowed by its governing statutes and rules and regulations. The commission shall consult with the head of the law enforcement agency before taking final action regarding discipline

>of any law enforcement officer or other disposition of the complaint.
>      (b) Within 10 days of receiving a complaint, the office of the attorney general shall provide notification that such complaint has been filed to the accused officer and to the head of the accused officer's law enforcement agency, including a copy of all complaint documentation submitted by the complainant.
>      (c) Upon disposition of a complaint as provided for in subsection (a) the complainant shall have a civil cause of action in the district court against the law enforcement officer or law enforcement agency, or both, and shall be entitled to recover damages if it is determined by the court that such officer or agency engaged in racial or other biased-based policing. The court may allow the prevailing party reasonable attorney fees and court costs.

K.S.A. § 22-4611. Plaintiff has not suggested that he has taken the steps set forth in K.S.A. § 22-4611.

Furthermore, "a violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, if Plaintiff's federal constitutional claims are dismissed. *See* 28 U.S.C. § 1367(c)(3); *see also Crease v. City of Olathe, Kan.*, 2013 WL 5314431, at *8 (D. Kan. 2013) ("Because the Court has dismissed Plaintiff's federal claim over which it had original jurisdiction, it is authorized to decline supplemental jurisdiction over the remaining state law claim of racial profiling brought under K.S.A. § 22–4611.") (citing 28 U.S.C. § 1367(c)(3)).

## IV. Motions

### A. Motion for Appointment of Counsel (Doc. 15)

Plaintiff has filed a motion seeking the appointment of counsel, setting forth his efforts to obtain counsel. (Doc. 15, at 2–3.) The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir.

1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Amended Complaint survives screening.

### B. Motion for Leave to Proceed In Forma Pauperis (Doc. 16)

Plaintiff's motion is denied as moot. The Court previously granted Plaintiff's first motion for leave to proceed in forma pauperis. *See* Doc. 5.

## V. Response Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed or stayed for the reasons stated herein. Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 16) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 15) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 17, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed or stayed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 17, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE